**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUALITY INTERNATIONAL PACKAGING, LTD., D/B/A NOBEL GIFFT PACKAGING, <br><br>                Plaintiff, <br><br>v. <br><br>CHAMILIA INC., *et al.*, <br><br>                Defendants. | Civil Action No.: 13-5235 <br><br>**OPINION** |

**CECCHI, District Judge.**

Before the Court is Defendants Swarovski US Holding and Swarovski International Holding, A.G.'s (the "Swarovski Defendants") motion to dismiss. (ECF No. 10). The Swarovski Defendants argue that Plaintiff's Complaint is insufficient to state a claim against them pursuant to Rule 12(b)(6). Swarovski International argues that this Court lacks personal jurisdiction over it pursuant to Rule 12(b)(2). The Court decides the motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court will grant the Swarovski Defendants' motion in part and terminate it in part, without prejudice. The Court will grant Swarovski International's motion to dismiss pursuant to Rule 12(b)(2) on personal jurisdiction grounds. Plaintiff will be given ninety (90) days to take jurisdictional discovery and

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

file an Amended Complaint which cures, to the extent possible, the deficiencies set forth herein. The Swarovski Defendants' Rule 12(b)(6) motion will be terminated without prejudice to allow for jurisdictional discovery.

## I. BACKGROUND

This case arises out of a commercial dispute between Plaintiff and non-moving defendant Chamilia. Plaintiff alleges that Chamilia accepted goods Plaintiff provided pursuant to an agreement between the two companies, but that Chamilia refused to remit payment for the goods. (Compl. ¶¶ 14-26).

The parties agree that Swarovski US acquired Chamilia in 2013. This motion turns on the relationships between Chamilia, Swarovski US, and Swarovski International. The Complaint alleges that this Court has personal jurisdiction over Swarovski International "insofar as [it] reside[s] in and or conduct[s] business in this State and in this district. . . ." (Compl. ¶ 9). Swarovski International submits a declaration claiming that it does not directly transact business in New Jersey, does not directly own any real property in New Jersey, and does not exercise direct control over Swarovski US or Chamilia. (ECF No. 11). Plaintiff contests this, arguing that this Court has jurisdiction either because Swarovski International controls Swarovski US and Chamilia, or because Swarovski International directs its products into New Jersey. (Pl. Opp. at 13). Plaintiff requests jurisdictional discovery to further explore both of these theories. (Id.).

## II. DISCUSSION

### A. Personal Jurisdiction

#### 1. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing sufficient facts to show jurisdiction. Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir.

2

2001). In weighing these facts, a court must accept the plaintiff's allegations as true—construing disputes in favor of plaintiff. Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002). However, once these allegations are contradicted by an opposing affidavit or other evidence, a plaintiff must "respond with actual proofs, not mere allegations." Patterson by Patterson v. FBI, 893 F.2d 595, 603-04 (3d Cir. 1990). When plaintiff so responds, and the court does not hold an evidentiary hearing on the motion, the court must then determine whether plaintiff's pleadings and supporting proofs set out a prima facie case. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). New Jersey's long-arm statue extends jurisdiction over non-residents "to the uttermost limits permitted by the U.S. Constitution." Genesis Bio Pharm., Inc. v. Chiron Corp., 27 Fed. App'x 94, 98 (3d Cir. 2002) (quoting Charles Gendler & Co. v. Telecom Equip. Corp., 508 A.2d 1127, 1131 (N.J. 1986)).

Thus, the exercise of personal jurisdiction in New Jersey must satisfy constitutional due process. Metcalfe, 566. F.3d at 334. This analysis "focuses on the nonresident defendant's 'minimum contacts' with the forum." Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). "Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction." Id. "A defendant is subject to general jurisdiction when it has continuous and systematic contacts with the forum state." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001). A defendant is subject to specific jurisdiction if (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of those activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. O'Connor v. Sandy Lane Hotel Co.,

3

Ltd., 496 F.3d 312, 317 (3d Cir. 2007).

### 2.   Plaintiff Has Not Set Forth A Prima Facie Case For Personal Jurisdiction Over Swarovski International

Here, the only averments with respect to the Swarovski Defendants are that Swarovski International acquired Chamilia "through" Swarovski US (Compl. ¶ 1, 22), that Swarovski International owns Swarovski US (Compl. ¶ 6), that Swarovski acquired Chamilia's liabilities (Compl. ¶ 23, 25), and legal conclusions of liability. (Compl. ¶¶ 24-25). None of these facts are probative of personal jurisdiction over Swarovski International. In support of this motion, Swarovski International entered a declaration stating that it is a holding company, that it does not directly transact business in New Jersey, does not directly own real property in New Jersey, and does not exercise direct control over Swarovski US or Chamilia. Swarovski International argues that this precludes it from the Court's personal jurisdiction.

Seeking to rebut this affidavit, Plaintiff argues that Swarovski International is subject to specific jurisdiction because it sells goods within New Jersey and general jurisdiction because it systematically conducts business in New Jersey through its subsidiaries.

With respect to specific jurisdiction, Plaintiff argues that the screenshot www.swarovski.com demonstrates that Swarovski International puts its articles into the stream of commerce, permitting jurisdiction under Asahi Metal Inds. Co., Ltd. v. Superior Court of Cal., 480 U.S. 462 (1985). However, this does not rebut Swarovski's sworn affidavit that it is a mere holding company. Plaintiff has not produced any evidence that Swarovski International's goods are sold in these stores, and for at least this reason they have not met their burden for specific jurisdiction.

With respect to general jurisdiction, Plaintiff argues that Chamilia and Swarovski US are "so fundamentally intertwined" with Swarovski International that Swarovski International is subject to jurisdiction here. (Pl. Op. at 15). "It is well-established in New Jersey that the forum

4

contacts of a subsidiary corporation will not be imputed to a parent corporation for jurisdictional purposes without a showing of something more than mere ownership." Seltzer v. I.C. Optics, Ltd., 339 F. Supp. 2d 601, 609 (D.N.J. 2004) (citing cases). Instead, something more akin to an alter ego or agency relationship is required. Fisher v. Teva PFC SRL, 212 Fed. App'x 72, 76 (3d Cir. 2012) (citing Lucas v. Gulf & W. Indus., Inc., 666 F.2d 800, 806 (3d Cir. 1981) ("Other factors which may have a bearing on the jurisdictional issue are whether the subsidiary corporation played any part in the transactions at issue, whether the subsidiary was merely the alter ego or agent of the parent, and whether the independence of the separate corporate entities was disregarded")); but see Daimler AG v. Bauman, 134 S.Ct. 746, 759-60 (2014) (casting doubt on whether an agency relationship may be enough to subject a parent corporation to jurisdiction based on the contacts of its in-state subsidiary).

Regardless of whether the Court applies an alter-ego or an agency theory, Plaintiff has not set out a prima facie case. Seeking to do so, Plaintiff argues that the subsidiaries are "co-dependent" with Swarovski International by pointing to: (1) a provision in the Purchase Agreement indicating that Swarovski US needed approval from the Austrian Federal Competition Authority to complete the transaction; (2) a provision in the Purchase Agreement indicating that Swarovski International would be noticed pursuant to the agreement; (3) an opinion from the Eastern District of Pennsylvania entered in 1988 finding jurisdiction over a different Swarovski company; and (4) a common website it claims covers all three defendants in this case. (Pl. Op. p. 16). It does not appear, without further development, that these are enough to establish an alter-ego or agency theory.

With respect to the Purchase Agreement provisions, although the provisions may amount to some degree of oversight, those provisions are not enough to demonstrate that Swarovski

5

International "control[s] or direct[s]" the acts of Swarovski US to amount to an agency theory. Seltzer, 339 F.Supp.2d at 609-10 (citing Sears Mort. Corp. v. Rose, 634 A.3d 74, 79 (N.J. 1993)). Similarly, they do not demonstrate that Swarovski US is the mere instrumentality of Swarovski International, which would be probative of an alter-ego relationship. Id. Further, the Court notes that a district court's 1988 opinion on different facts may no longer be relevant to this inquiry. Finally, although Plaintiff has argued that the website is controlled by Swarovski International, they have presented no evidence indicating that this is the case. Accordingly, the Court finds that the pleadings and supporting proofs set forth by Plaintiff do not set forth a prima facie case for personal jurisdiction against Swarovski International.

**B.  Plaintiff Is Entitled To Jurisdictional Discovery**

However, Plaintiff also requests jurisdictional discovery to determine the relationship between the Swarovski Defendants and Chamilia. "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." Toys "R" Us v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (quoting Mellong Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.3d 1217, 1223 (3d Cir. 1992)).

Here, Plaintiff's factual allegations, including the allegation that notice under the purchase agreement must be provided to Swarovski International, are probative of an alter ego or agency relationship. Accordingly, Plaintiff will be granted jurisdictional discovery on an expedited basis.

**C.  Failure To State A Claim**

As previously noted, the Swarovski Defendants seek to dismiss the claims against them under Rule 12(b)(6). The Swarovski Defendants may reiterate these arguments once jurisdictional discovery is complete.

Case 2:13-cv-05235-CCC-MF Document 37 Filed 05/30/14 Page 7 of 7 PageID: 250

### III. <u>CONCLUSION</u>

For the reasons set forth above, the Court will grant the Swarovski Defendants' motion in part and terminate it in part, without prejudice. The Court will grant Swarovski International's motion to dismiss pursuant to Rule 12(b)(2) on personal jurisdiction grounds. Plaintiff will be given ninety (90) days to take jurisdictional discovery and file an Amended Complaint which cures, to the extent possible, the deficiencies set forth herein. The Swarovski Defendants' Rule 12(b)(6) motion will be terminated without prejudice to allow for jurisdictional discovery. An appropriate Order accompanies this Opinion.

DATED: May 30, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**

7